IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ELIJAH SKATES,

        Plaintiff,        Civil Action No.
                                    9:14-CV-1092 (TJM/DEP)
  v.

JARROD SHUSDA, *et al.*,

        Defendants.

---

<u>APPEARANCES</u>:                 <u>OF COUNSEL</u>:

<u>FOR PLAINTIFF</u>:

ELIJAH SKATES, *Pro Se*
104-15
109 Street
Jamaica, NY 11419

<u>FOR DEFENDANTS</u>:

HON. ERIC T. SCHNEIDERMAN     MATTHEW P. REED, ESQ.
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

# REPORT AND RECOMMENDATION

*Pro se* plaintiff Elijah Skates, a former New York State prison inmate, has commenced this civil rights action pursuant 42 U.S.C. § 1983 against several individuals employed by the New York State Department of Corrections and Community Supervision ("DOCCS") and stationed at the prison facility in which he was confined at the relevant times. Although plaintiff originally asserted various claims against the named defendants, the scope of the action has since been narrowed to include only a First Amendment free exercise claim against four individuals.

Currently pending before the court is a motion brought by defendants seeking dismissal of plaintiff's claims based on plaintiff's failure to prosecute the action and comply with court orders relating to pretrial discovery pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. For the reasons set forth below, I recommend that defendants' motion to dismiss be granted.

I. BACKGROUND

A. Facts Related to Plaintiff's Underlying First Amendment Claims

Although he now resides elsewhere, at the times relevant to his claims in this action, plaintiff was in the custody of the DOCCS and confined in the Great Meadow Correctional Facility located in Comstock,

New York. Dkt. Nos. 33, 61. Plaintiff is a member of the Nation of Islam ("NOI") Faith Group and observes Islamic religious beliefs and practices. Dkt. No. 33 at 3.

In accordance with his religious beliefs, plaintiff planned to observe the NOI Holy Day of Atonement on October 15 and 16, 2013. Dkt. No. 33 at 3. Plaintiff alleges that in connection with that religious observance, he was supposed to have received a Sahoor bag meal on October 15, 2013, for consumption prior to dawn the following morning in order to begin the fasting process associated with the holy day. *Id.*; *see also* Dkt. No. 33-1 at 1. Despite notifying corrections staff of his request for a Sahoor bag meal prior to the evening of October 15, 2013, plaintiff did not receive his meal. Dkt. No. 33 at 3-4.

B.  Facts Relevant to Defendants' Pending Motion

On January 11, 2017, counsel for defendants sent plaintiff a notice of deposition, scheduling his deposition for February 15, 2017. Dkt. No. 62-1 at 2, 6. Without notifying or otherwise communicating with defendants or their counsel, plaintiff failed to attend that scheduled deposition. *Id.* at 2, 11-12. In a letter dated February 16, 2017, defendants' counsel advised the court of plaintiff's failure to attend the scheduled deposition and requested that the discovery deadline be extended to permit her to make

3

another attempt to conduct plaintiff's deposition. Dkt. No. 42. In a text order issued on the same date, the court granted defendants' request and ordered plaintiff to appear for his deposition as specified in any subsequent notice of deposition served by the defendants. Dkt. No. 43. In that text order, plaintiff was warned that "his unexcused failure to appear at a properly noticed deposition could result in the imposition of sanctions, which could include dismissal of his complaint in this action." *Id.*

Defendants served a second notice on plaintiff on February 22, 2017, scheduling his deposition for March 23, 2017. Dkt. No. 62-1 at 2, 20-21. Once again, plaintiff failed to appear for the scheduled deposition and did not contact defendants' counsel. *Id.* at 2, 24-25.

Defendants informed the court on April 3, 2017, that plaintiff had returned to the custody of the DOCCS on or about February 23, 2017, but had failed to notify defendants, their attorney, or the court of any change in address. Dkt. No. 44 at 1. Defendants requested dismissal of the action at that time, together with an award of the costs associated with the two previously failed depositions. *Id.* at 3. On April 4, 2017, the court denied defendants' request to dismiss the action, again directed plaintiff to appear for deposition, and granted their request for an award of costs in the amount of $225.00 Dkt. No. 45. At that time, I also warned plaintiff that his

failure to comply with my order could result in dismissal of the action. *Id.* According to defendants, as of the date they filed their currently pending motion for sanctions, they had not received any payment from plaintiff. Dkt. No. 62-1 at 4.

On April 25, 2017, while plaintiff was still in the custody of the DOCCS, defendants served plaintiff with a third notice of deposition, scheduling his deposition for May 3, 2017. Dkt. No. 62-1 at 3, 29-31. Although plaintiff appeared for the deposition as scheduled, at the outset of the proceeding, he "handed [defendants' counsel] a note, claiming to be deaf and mute." Dkt. No. 62-1 at 3, 37. Unable to continue with the deposition, defendants' counsel terminated the proceeding, and thereafter sought guidance from the court regarding how to proceed in the action. Dkt. No. 52. Following my review of plaintiff's relevant medical records, I determined that plaintiff is fully able to participate in a deposition and directed plaintiff to appear for a properly noticed deposition by defendants. Dkt. No. 60. Plaintiff was yet again warned that his "failure to appear as directed, or upon his refusal to cooperate fully in the deposition," would result in my issuance of a recommendation that the action be dismissed. *Id.*

On June 30, 2017, defendants served on plaintiff a fourth notice of

deposition, scheduled to be held on July 17, 2017. Dkt. No. 62-1 at 4, 51-53. By this time, plaintiff had been released from the DOCCS's custody and had updated the court and defendants with his new address in Jamaica, New York. Dkt. No. 61. Although the notice was not returned to sender, and there is no reason to believe that plaintiff did not receive it at his latest address, plaintiff failed to attend the deposition as scheduled without notifying defendants' counsel. Dkt. No. 62-1 at 4, 57.

On July 31, 2017, defendants filed the currently pending motion to dismiss plaintiff's amended complaint based on his failure to appear for deposition and prosecute the action. Dkt. No. 62. Plaintiff has not responded in opposition.

II. DISCUSSION

The failure of a party to appear for a properly notice deposition implicates two separate provisions of Rule 37 of the Federal Rules of Civil Procedure. Rule 37(b)(2) provides for a range of sanctions available to a court in the event of a failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2); *S.E.C. v. Razmilovic*, 738 F.3d 14, 24 (2d Cir. 2013). Among those available sanctions is dismissal of an action, in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v); *Razmilovic*, 738 F.3d at 24. In addition, Rule 37(d) permits the court to issue appropriate sanctions based upon the

failure of a party to appear for deposition after being served with a proper notice. Fed. R. Civ. P. 37(d)(1)(A); *see Dixon v. Albany Cnty. Bd. of Elections*, No. 08-CV-0502, 2010 WL 1171225, at *2 (N.D.N.Y. Feb. 18, 2010) (Homer, M.J.), *report and recommendation adopted by* 2010 WL 1171483 (N.D.N.Y. Mar. 22, 2010) (Sharpe, J.), ("Rule 37(d) authorizes the same range of sanctions [offered in Rule 37(b)] against a party for failing to attend his or her deposition.").

The most severe sanctions permitted by Rule 37 for a disobedient party are the dismissal his claims or the entry of default; those sanctions should be ordered "only when the district judge has considered lesser alternatives." *S. New England Tel. Co. v. Global NAPs Inc.* ("*SNET*"), 624 F.3d 123, 144 (2d Cir. 2010). In *SNET*, the Second Circuit advised as follows concerning the imposition of sanctions:

> [S]everal factors may be useful in evaluating a district court's exercise of discretion to impose sanctions pursuant to this rule, including (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance.

*SNET*, 624 F.3d at 144 (quotation marks and alterations omitted). District courts have "wide discretion in imposing sanctions under rule 37," and the

7

factors listed above are not exclusive. *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007); *accord, Razmilovic*, 738 F.3d at 25.

In addition to Rule 37, defendants' motion invokes Rule 41(b) of the Federal Rules of Civil Procedure, which provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court. Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Baptiste*, 768 F.3d at 217 (reiterating that dismissals pursuant to Rule 41(b) "are 'the harshest of sanctions'" (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of five specific factors, including (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3)

whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216; see also *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (applying factors in a failure to prosecute action); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (applying factors where a party failed to comply with order of court). "No single factor is generally dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

I have carefully evaluated the relevant controlling factors and find that they weigh decidedly in favor of dismissal in this case. As was described in detail above in Part I.B. of this report, defendants have been attempting to take plaintiff's deposition since the beginning of this year, when they first scheduled it for February 15, 2017. Dkt. No. 62-1 at 2, 6. Their last attempt failed, as a result of plaintiff's absence, on July 31, 2017. *Id.* at 2, 57. There is no indication that plaintiff's five-month delay was anything but willful, and his excuse for not participating in the deposition on May 3, 2017, has been determined to be without merit following my review of plaintiff's medical records. The length of plaintiff's delay, then,

weighs in favor of dismissal. *See Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-CV-9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (finding a four-month delay to weigh in favor of dismissal where the plaintiff failed to comply with two court-ordered deposition deadlines).

The Second Circuit requires that, prior to dismissal of an action, the non-moving party be given adequate warning that further delays may result in a dismissal of the action. *Martens v. Thomann*, 273 F.3d 159, 181 (2d Cir. 2001). In this case, plaintiff has been repeatedly warned that his failure to comply with the court's orders directing him to participate in his deposition and his failure to pay the sanctions issued against him on April 4, 2017, would result in dismissal of this action. *See, e.g.,* Dkt. No. 40 at 5; Dkt. Nos. 43, 45, 60. There is no indication in the record that plaintiff has not received those warnings or defendants' notices of deposition. Accordingly, this factor also weighs in favor of dismissal.

Turning next to the question of the effect of plaintiff's failure to prosecute, I conclude that defendants are likely to be prejudiced by further delay. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) ("Prejudice to defendants resulting from unreasonable delay may be presumed[.]"). This case has been pending for three years, and it is likely

that memories of the events in question have faded, relevant documents have been discarded, and potential witnesses have become unavailable. *See, e.g., Georiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade."). There is no apparent end to plaintiff's lack of participation. Subjecting defendants to further delay is unfairly prejudicial to their ability to defend against plaintiff's claims and meaningful conduct discovery. Accordingly, this factor weighs in favor of dismissal.

Given plaintiff's apparent disinterest in pursuing his claim in this action, as evidenced by (1) his failure to attend three depositions, (2) his voluntary refusal to participate in a fourth deposition, (3) his failure to comply with court orders, and (4) his failure to respond to the pending motion to dismiss, I find that the need to alleviate congestion on the court's docket outweighs his right to receive a further chance to be heard in this matter. Plaintiff's due process rights have been adequately protected in this case in light of the multiple opportunities to comply with the scheduled depositions. Indeed, as one court has noted, "[p]laintiff's own failure to litigate this matter is not a denial of due process." *Cole-Hoover v. United States*, No. 14-CV-0429, 2017 WL 1425617, at *4 (W.D.N.Y. Apr. 21, 2017); *accord, Dodson v. Runyon*, 957 F. Supp. 465, 470 (S.D.N.Y. 1997)

("[A]ny claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making").

Although the sanction of dismissal is a harsh remedy, to be resorted to only in extreme circumstances, in this instance no lesser sanction is warranted or appropriate. "In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault on the individual from whom discovery is sought." *Elderkin v. Connor*, No. 14-CV-0927, 2015 WL 1524451, at *3 (N.D.N.Y. Apr. 2, 2015) (Hurd, J., *adopting report and recommendation by* Baxter, M.J.) (citing *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)). I am persuaded that issuing an order reprimanding plaintiff for his conduct would be futile in light of his history of non-compliance with court directives and defendants' discovery requests. With considerable notice of the possibility of dismissal, and the consistent failure in complying with discovery orders, plaintiff's conduct should be deemed willful, and thus, this factor weighs in favor of dismissal. *See Elderkin,* 2015 WL 1524451, at *3 (holding that the plaintiff acted willfully where he was aware of court requirements and failed to comply, leaving the court "no alternative but to recommend dismissal for failure to prosecute").

III. SUMMARY AND RECOMMENDATION

While plaintiff's last communication with the court was approximately two months ago, he has failed to participate in and/or attend four properly noticed depositions, failed to comply with court orders, and failed to respond to the present motion. Plaintiff's failure to participate in the litigation, demonstrating his manifest disinterest in prosecuting the action, and his failure to comply with multiple orders directing that he appear for deposition, together warrant dismissal of his amended complaint. Accordingly, it is hereby respectfully

RECOMMENDED that defendants' motion to dismiss for lack of prosecution and failure to comply with court discovery orders (Dkt. No. 62) be GRANTED and that plaintiff's amended complaint (Dkt. No. 33) be DISMSSED in its entirety.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[1] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

---

[1] If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: September 27, 2017
Syracuse, New York

_David E. Peebles_
U.S. Magistrate Judge

---

legal holiday. Fed. R. Civ. P. 6(a)(1)(C).